Helen R. KANAGUR and Fred J. Sturgess, Plaintiffs,

v.

James M. HARE, Secretary of State, State of Michigan, Robert M. Montgomery, Secretary of the Michigan Board of Canvassers, and the Michigan Board of Canvassers, Defendants.

Civ. A. No. 5624.

United States District Court
W. D. Michigan, S. D.

Feb. 12, 1968.

See also D.C., 284 F.Supp. 425.

George E. Lee, Detroit, Mich., for plaintiffs.

Robert A. Derengoski, Sol. Gen., State of Michigan, Lansing, Mich., John Robson, Dept. of Transportation, Washington, D. C., for defendants.

## ORDER OF DISMISSAL

FOX, District Judge.

Plaintiffs are citizens of the United States and citizen-residents of the State of Michigan. They are suing defendants James M. Hare, Secretary of State, State of Michigan, Robert M. Montgomery, Secretary of the Michigan Board of Canvassers, and the Michigan Board of Canvassers.

Plaintiffs claim that Article II, Section 9, of the Michigan Constitution, which is the referendum provision, is pre-empted by a conflict with an Act to permit observance of a uniform system of time throughout the United States. Public Law 89–387 of the 89th Congress of the United States, enacted on April 13, 1966, 80 Stat. 107.

Plaintiffs also claim that to permit enforcement of the state's constitutional referendum provision would deny them privileges, immunities and equal protection of the law, as well as equality of representative government secured to them under the Fourteenth Amendment to the Constitution of the United States.

Public Law 89–387 is known as the "Uniform Time Act." It declares a national policy to promote the adoption and observance of uniform time throughout each of the standard time zones. Section 3 of the Act provides advancement of one hour for each standard time zone from the last Sunday in April until the last Sunday in October. A state may exempt itself "by law" from the advance time requirement.

Congress also declares in this Section that the Act supersedes any and all state laws which may exempt advance time or changes of dates different from the proviso in Section 3. The Act does not specify in detail methods for state exemption. The pertinent language is as follows: " * * * except that any State may *by law* exempt itself from the provisions of this subsection providing for the advancement of time, * * *." (Emphasis supplied.)

On May 3, 1967, at the conclusion of oral arguments on plaintiffs' request for temporary injunctive relief before this court sitting as a three-judge panel, and as a single District Court judge, we said:

"Taken in that context, our view is that plaintiffs' plea for a temporary injunction must be denied, because the Court is, as of now, unconvinced that the federal statutes relied on, Public Law 89–387, 15 U.S.C. 260, should be properly construed as prohibiting the State of Michigan from giving effect to its own constitutional provision for referendum.

"In this regard we believe that Congress must have been aware of the referendum provisions in many state constitutions and, hence, of the possibility of some variations from the uniform time changes which otherwise it sought."

This court now concludes that Article II, Section 9, of the Michigan Constitution was properly invoked through the certification of petitions for referendum. Michigan Farm Bureau et al. v. Hare, 379 Mich. 387, 151 N.W.2d 797 (1967).

Article II, Section 9, of the Michigan Constitution provides in part as follows: "No law as to which the power of referendum properly has been invoked shall be effective thereafter unless approved by a majority of the electors voting thereon at the next general election."

Since the referendum process of the State of Michigan has been properly invoked, the exemption statute, Public Act No. 6 of the Public Acts of Michigan for 1967, passed by the Michigan Legislature, is ineffective until and unless it is approved by the state electorate at the next general election, which will be held November 5, 1968.

The Uniform Time Act permits exemption only by an effective state law. Without an effective state exemption law, the Uniform Time Act requires observance of advanced (daylight) time in Michigan "during the period commencing at 2 o'clock antemeridian on the last Sunday of April of each year and ending at 2 o'clock antemeridian on the last Sunday of October of each year, * * *."

Since this judgment is decisive of the instant case, it is unnecessary for this court to consider any of the other issues raised by the parties.

Defendants' motion for dismissal of plaintiffs' complaint is hereby granted.

It is so ordered.